977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary R. COLE, Defendant-Appellant.
 No. 91-6191.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant-defendant, Gary Cole, was indicted for possession with intent to distribute cocaine base and carrying and use of a firearm during and in relation to a drug-trafficking offense. The district court denied appellant's motion to suppress whereupon appellant entered a conditional guilty plea to two counts of the indictment. Appellant now appeals the order denying his motion to suppress. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On December 20, 1990, Officer Phillip Funderburk of the Memphis Police Department assisted another police officer with an arrest on the parking lot of 1701 Castalia in Memphis, Tennessee. Officer Funderburk was seated in his vehicle facing southbound when he saw the appellant in a black Camaro driving at a high rate of speed northbound, before turning into the drive of the store's parking lot at a very high rate of speed. Officer Funderburk approached appellant's vehicle to ask for identification and to inquire why he was travelling at such a high rate of speed. As Officer Funderburk approached the appellant's vehicle, he observed the appellant pull something out of his waistband and make a motion towards the car seat. Officer Funderburk met the appellant at the rear of the appellant's car and asked appellant for identification. The appellant was unable to produce any identification, and Officer Funderburk placed appellant in the back of his squad car and ran a check to see if he had a valid driver's license.
 
 
 3
 Officer Funderburk testified that the appellant left his driver's door open and because the parking lot was busy, he returned to the appellant's car to close the door at which time he observed the handle of a pistol protruding from the seat of appellant's vehicle. At this time, Officer Funderburk retrieved the pistol and placed the appellant under arrest for possession of a weapon. A search of the appellant's vehicle the remainder of recovered approximately $1600.00 in cash from the center console compartment. A brown paper sack containing approximately 29 rocks of crack cocaine under the ashtray in the center console of the car was also found.
 
 
 4
 The appellant was indicted on January 9, 1991. Count one of the indictment charged appellant with possession with intent to distribute cocaine base in violation of 18 U.S.C. § 841(a)(1); count two charged him with use and carrying of a firearm during and in relation to a drug-trafficking offense in violation of 19 U.S.C. § 924(c). On February 26, 1991, the appellant filed a motion to suppress. On April 5, 1991, following an evidentiary hearing, the district court denied appellant's motion. On May 21, 1991, appellant entered a conditional guilty plea and was sentenced to 24 months imprisonment as to Count 1 to be followed by 60 months imprisonment as to Count 2, along with three years supervised release.
 
 II.
 
 5
 Appellant contends that the district court improperly denied its motion to suppress. Appellant asserts that the police lacked sufficient probable cause to stop the appellant, and that the officers' subsequent search of the automobile exceeded their authority to search. We disagree.
 
 
 6
 We find no merit to appellant's challenge that the officer lacked probable cause to stop him. A violation of the Tennessee Motor Vehicle statute constitutes sufficient probable cause in which to stop an individual and request identification or driver's license. United States v. Pino, 855 F.2d 357, 361 (6th Cir.1988), amended 866 F.2d 147 (6th Cir.1989) cert. denied sub nom, Llera v. U.S., 493 U.S. 1090 (1990). Officer Funderburk testified that appellant was travelling at an excessive rate of speed in a reckless fashion. As such, the district court's finding of probable cause to justify the stop is not clearly erroneous.
 
 
 7
 Next, appellant argues that the subsequent search of the vehicle was unconstitutional. We disagree. Under the search incident to arrest exception to the warrant requirement, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981). Additionally, the police may search "the contents of containers found within the passenger compartment, for if the passenger compartment is within the reach of the arrestee, so also will containers in it be within his reach." Id.
 
 
 8
 In United States v. White, 871 F.2d 41 (6th Cir.1989), the defendant was arrested for driving while intoxicated and placed in the rear seat of the police car. The police officer then returned to the defendant's vehicle and looked through an open window and observed a .38 caliber revolver on the floorboard. The court followed the Tenth and Eighth circuits by holding:
 
 
 9
 [a] search of the interior of an automobile incident to a lawful arrest is valid, even when the arrestee is out of the car, United States v. Cotten, 751 F.2d 1146, 1149 (10th Cir.1985), or when the arrestee has already been transported to the police station.... Thus, even after the arrestee has been separated from his vehicle and is no longer within the reach of his vehicle or its contents, the Belton rule allowing a police officer to search a vehicle incident to a lawful arrest applies, and such a search is valid. White at 44.
 
 
 10
 Thus, we conclude that the district court properly found that the officer had probable cause to stop the appellant, and that the subsequent search of the vehicle was justified under the "search incident to arrest" exception.
 
 III.
 
 11
 For the reasons stated above, we AFFIRM the decision of the Honorable Odell Horton, Chief Judge of the United States District Court for the Western District of Tennessee.